UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| KATAHDIN PAPER COMPANY, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 05-64-B-W |
| | ) |
| U&R SYSTEMS, INC., | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S MEMORANDUM REGARDING THE COURT'S ORDER ON NOTICE OF DAMAGES HEARING**

Katahdin Paper Company, LLC ("Katahdin") filed a Motion for Default Judgment on July 5, 2005, requesting that the Default entered in this matter be reduced to judgment. Thereafter, on August 9, 2005, the Court entered an Order on Notice of Damages Hearing (the "August 9 Order"), which raised the issue as to whether U&R Systems, Inc. ("U&R") had "appeared" in this matter within the meaning of Fed.R.Civ.P. 55(b)(2) as interpreted by the First Circuit in Key Bank of Maine v. Tablecloth Textile Co. Corp., 74 F.3d 349 (1st Cir. 1996), thereby entitling U&R to notice of Katahdin's Motion for Default Judgment. In its Order, the Court provided Katahdin with a choice as to how to proceed going forward: (1) request a hearing on damages and provide U&R with notice of that hearing; or (2) rest on the previously filed affidavits and provide the Court with an additional affidavit setting forth facts sufficient for the Court to conclude that the First Circuit's concerns in Key Bank have been satisfied. Believing that U&R has in no way "appeared" or otherwise brought itself within the orbit of Key Bank, Katahdin hereby elects to proceed in accordance with the second option, submits the

1045851.1

Affidavit of Jonathan S. Piper, Esq., and further submits this memorandum to more fully address the Key Bank decision.

**I.     DISCUSSION**

In Key Bank, the First Circuit held that the defendant had "appeared" for purposes of Rule 55(b)(2) because it had indicated a clear intent to defend the suit. See Key Bank, 74 F.3d at 353-54. In so holding, the Court relied on the following facts:

1. On January 10, 1994, after the commencement of suit, the plaintiff's Maine counsel received a telephone call from the defendants' New York counsel expressing the defendants' desire to pursue settlement negotiations;

2. On January 20, 1994, the plaintiff's Maine counsel received a similar telephone call from one of the defendants' brother, an attorney;

3. In a letter dated February 1, 1994, the defendants' attorney sent a letter to the plaintiff's vice president indicating that the parties had agreed in an earlier telephone conversation:

   a. to commence settlement discussions;

   b. that the plaintiff would not seek a default judgment unless and until those settlement discussions failed; and

   c. the plaintiff would notify defendants in advance of seeking a default judgment so as to enable the defendants to secure Maine counsel.

Id. at 351, 353-54. On these facts, the First Circuit found the plaintiff's argument that the defendants had not indicated an intent to defend "thoroughly unpersuasive, if not disingenuous." Id. at 354. This case, however, is distinguishable.

The complaint in Key Bank was filed on December 27, 1993, and service was made upon the defendants on December 30, 1993. Id. at 351. Therefore, *all* of the numerous contacts between the parties on which the First Circuit rested its conclusion that the defendants did intend to defend the suit occurred *after* the complaint had been filed and served. In this case, however, there has been no such post-service contact of any kind between the parties.

Although the Court is correct that "Katahdin's Complaint reflects contact (albeit unsuccessful) with U&R after the installation of the mechanical ash removal system" (August 9, Order at 2), that unsuccessful contact occurred three months *before* the Complaint here was filed (May 4, 2005) and served (May 18, 2005).  As noted in the affidavit of Katahdin's lead counsel, Jonathan S. Piper, Esq., the last contact between the parties regarding this matter was on February 9, 2005, when U&R's Canadian attorney notified Attorney Piper by letter that U&R would not be present on February 16, 2005, when the defective dump grate system was removed from Katahdin's East Millinocket facility.  In fact, Attorney Piper has not received any communication from U&R, or any person purporting to act on U&R's behalf, concerning this action or any other matter since February 9, 2005.  Unlike the facts in Key Bank, there have been no communications regarding (a) settlement; (b) defense; (c) dispute resolution of any kind; (d) retention of Maine counsel; (e) deferral or notification of any default; or (f) any expression of concern or intentions regarding this lawsuit.

Therefore, in contrast to the situation presented in Key Bank where the defendants expressed an intention to defend and/or pursue settlement in various communications with the plaintiff occurring after service, in this case there have been no post-service expressions of any kind by U&R.  Rather than opening a dialogue as the defendants did in Key Bank, U&R, which is represented by counsel who is obviously knowledgeable of Katahdin's lead counsel, has chosen not to "appear" and has remained "underground."

## II.   CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully submits that Defendant has not "appeared" in this action within the meaning of Fed.R.Civ.P. 55(b)(2), and, therefore, is not entitled to notice of Plaintiff's Motion for Default Judgment or any hearing thereon.

Accordingly, Plaintiff elects to rest on the previously filed affidavits in lieu of a formal damages hearing.

Dated:  August 15, 2005

                                  Respectfully submitted,

/s/ Jonathan S. Piper
Jonathan S. Piper

/s/ Roy T. Pierce
Roy T. Pierce

/s/ Jonathan Mermin
Jonathan Mermin

PRETI, FLAHERTY, BELIVEAU,
PACHIOS & HALEY, LLP
One City Center
P.O. Box 9546
Portland, Maine 04112-9546
(207) 791-3000
jpiper@preti.com
rpierce@preti.com
jmermin@preti.com